# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARVIN AGEE CARLTON, P.C., formerly known as GARVIN AGEE CARLTON & MASHBURN, P.C., <br><br> Plaintiff, <br> v. <br><br> BRENT W. COON, P.C., D/B/A BRENT COON & ASSOCIATES, <br><br> Defendant. | Case No. CIV-18-1053-D |

## ORDER

Before the court is Plaintiff Garvin Agee Carlton, P.C.,'s ("Garvin") Motion for Remand [Doc. No. 9]. Defendant Brent W. Coon, P.C., d/b/a Brent Coon & Associates ("Brent") has responded [Doc. No. 13] and Plaintiff has replied [Doc. No. 14]. The matter is fully briefed and at issue.

## BACKGROUND

Garvin filed its Complaint[1] [Doc. No. 1-1] on May 5, 2018, in the District Court of Garvin County, State of Oklahoma, stating a claim for breach of contract against Brent. Garvin and Brent entered into a contract in which Garvin would serve as local counsel in an unspecified litigation in exchange for "8% of the gross recoveries on the clients' claims, to be paid out of the defendant's contingency fee." Complaint at 1; Letter from Brett Agee

---

[1] The parties refer to Garvin's operative pleading as a "Petition"; herein the Court will use federal nomenclature.

to Gary M. Reibschlager, June 21, 2013, ("Fee Agreement") Exhibit A to Complaint.[2] Garvin alleges that it performed its portion of the contract and settlement was reached, but Brent refused to pay the agreed fee. Complaint at 1. Garvin prays for relief in the amount of $74,950.00, together with costs, attorney fees, and interest. *Id*.

On August 17, 2018, Garvin served Brent with discovery requests seeking information concerning the settlement of an action pending in Texas state court. Notice of Removal at 3. Specifically, Garvin's discovery requests sought information related to litigation captioned *Leeanna Mann and Kari Smith vs. CVR Energy, Inc.; CVR Partners, LP; CVR Refining, LP; Gary-Williams Energy Company, LLC; and Wynnewood Refining Company, LLC*, Texas Case No. 13-DCV-209679 ("Texas action"). Garvin's First Discovery Requests, Garvin's Motion for Order Compelling Discovery and Awarding Expenses ("Motion to Compel"), Exhibit C, [Doc. No. 3-1]. Brent objected to disclosing information related to that action, as the Fee Agreement attached to the Complaint referenced a case to be filed in the District Court of Garvin County, State of Oklahoma. Motion at 3. On October 11, 2018, Garvin filed its Motion to Compel seeking responses to those discovery requests. Brent filed its Notice of Removal [Doc. No. 1] before responding to Garvin's Motion to Compel.

Brent asserts that it first learned Garvin was attempting "to collect an alleged *local* counsel fee from the settlement of a completely different" lawsuit than referenced in the Complaint and that the recovery sought would be in excess of $75,000.00 when Garvin

---

[2] The Court notes that the only Fee Agreement in the record is redacted. *See* Complaint, Exhibit A; Plaintiff's Motion for Order Compelling Discovery [Doc. No. 3-1] at 1.

filed its Motion to Compel. Response at 2 (emphasis in original). Based on that motion, Brent claims that, for the first time, it was able to calculate that "8% of the total settlement of that Texas Suit exceeds $75,000.00." Response at 2-3.

Brent removed the action to this Court on October 26, 2018, on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Brent contends removal was timely, having been filed within thirty (30) days of Garvin's Motion to Compel. On November 26, 2018, Garvin filed its Motion for Remand on the grounds that: (1) there is no diversity jurisdiction under 28 U.S.C. § 1332(a) as the amount in controversy does not exceed $75,000.00; and, (2) removal is untimely. Motion at 2, 3. Garvin also seeks attorney fees and costs associated with "the improper removal." Motion at 5.

## STANDARD OF DECISION

An action is only removable if it could have originally been brought in federal court. 28 U.S.C. 1441(a). "A notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). However, "[g]iven the limited scope of federal jurisdiction, there is a presumption against removal, and courts must deny such jurisdiction if not affirmatively apparent on the record." *Oklahoma Farm Bureau Mut. Ins. Co. v. JSSJ Corp.*, 149 Fed. Appx. 775, 778 (10th Cir. 2005), *abrogated by Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 190 L. Ed. 2d 495 (2014) (citing *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir.1995)).

3

Removal statutes are narrowly construed and the party in support of removal "bears the burden to establish that its removal of Plaintiff's case to federal court was proper." *Hernandez v. Liberty Ins. Corp.,* 73 F. Supp. 3d 1332, 1336 (W.D. Okla. 2014) (citing *Huffman v. Saul Holdings Ltd. P'ship,* 194 F.3d 1072, 1079 (10th Cir.1999)). In a removal based on diversity jurisdiction "[b]oth the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." *Singleton v. Progressive Direct Ins. Co.,* 49 F. Supp. 3d 988, 991 (N.D. Okla. 2014) (quoting *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir.1995)).

The removing party "must affirmatively establish jurisdiction by proving jurisdictional *facts* that ma[ke] it *possible* that $75,000 [is] in play." *McPhail v. Deere & Co.,* 529 F.3d 947, 955 (10th Cir. 2008) (emphasis in original). "[T]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy" except where "the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2), (c)(2)(B).

"[I]n the absence of an explicit demand for more than $75,000, the defendants must show how much is in controversy through other means." *McPhail*, 529 F.3d at 955. "Other means" can include "estimates of potential damages from the allegations in plaintiff's pleading, a proposed settlement amount, discussion between counsel, etc." *Singleton*, 49 F.Supp.3d at 992. "Beyond the complaint itself, other documentation" includes such things as "interrogatories obtained in state court before removal, affidavits or other evidence submitted in federal court afterward." *McPhail*, 529 F.3d at 956. However, "[u]nder the

Tenth Circuit's view of § 1446(b)(3), 'the circumstances permitting removal must normally come about as a result of a voluntary act on the part of the plaintiff.'" *Hernandez*, 73 F. Supp. 3d at 1340 (quoting *Huffman,* 194 F.3d at 1078) (internal citations omitted).

## DISCUSSION

Garvin moves for remand because: (1) Brent's Notice of Removal was untimely as it was filed more than thirty (30) days after Brent "was served process and made aware of the applicable request for relief -- $74,950.00 -- on May 31, 2018"; and, (2) the requirements for diversity jurisdiction are not met because it does not seek recovery in excess of $75,000.00. Motion at 2, 3. Garvin also contends the Notice of Removal was filed for improper purposes and requests an award of attorney fees under § 1447(c) if remand is ordered. Motion at 4, 5. Brent asserts that its Notice of Removal is proper as: (1) it was timely filed based upon the date of Garvin's Motion to Compel; and, (2) the amount in controversy, based on Garvin's Motion to Compel, is in excess of $75,000.00. Because the Court finds that Brent's Notice of Removal was untimely, it need not address the issue of the amount in controversy.

I.   **Timeliness**

   A.   **From the Date of the Complaint**

The Fee Agreement attached to the Complaint is redacted and there is no unredacted version elsewhere in the record for the Court to review. However, Brent states in its Notice of Removal that the Fee Agreement refers to "a case yet-to-be filed within the '*District Court of Garvin County*' on behalf of '*Mann and Smith*' and against '*CVR Engergy, et.al.*'" Notice of Removal at 2 (emphasis in original). Brent contends that Garvin's Motion to

Compel revealed for the first time that the litigation at the heart of Garvin's claim for breach of contract was *Leeanna Mann and Kari Smith vs. CVR Energy, Inc.; CVR Partners, LP; CVR Refining, LP; Gary-Williams Energy Company, LLC; and Wynnewood Refining Company, LLC*, Texas Case No. 13-DCV-209679.[3] Response at 2.

Brent's reliance on the Motion to Compel for the triggering of the removal period is based on no more information than it already had at the time it was served with Garvin's Complaint. Notice of Removal at 2. Brent admits the Fee Agreement attached to the Complaint identifies the same parties involved in the Texas action. Notice of Removal at 2. The Motion to Compel refers to Garvin's First Discovery Requests which defines "litigation" only by the caption of the Texas action. The caption contains only the names of the parties and the case number. Brent admits that it had all information except the Texas action's case number at the time it was served with the Complaint. Therefore, Brent's calculation of the amount in controversy was achievable at the time it was served with the Complaint.

Based on the similarities of the parties in the proposed Oklahoma case and those of the Texas action, as admitted by Brent, and the information Brent uses to calculate the amount in controversy, the Court finds Brent's argument that it had no notice of the existence of diversity jurisdiction until the filing of the Motion to Compel is without merit. The removal period began to run on May 31, 2018, the day Brent was served with the Complaint. Thus, Brent's Notice of Removal is untimely.

---

[3] Brent's misplaced reliance on the Motion to Compel as triggering the removal period is discussed at length below.

### B. From the Date of an "Other Paper"

Even if the Court were to find the Complaint did not provide Brent with the notice it claims necessary to have calculated the amount in controversy, the Notice of Removal would still be untimely. When a notice of removal is not based on the initial pleading, it must be filed within thirty (30) days of receipt "of a copy of an amended pleading, motion, order or other paper from which it may *first* be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added); *Huffman v. Saul Holdings Ltd. P'ship,* 194 F.3d 1072, 1078 (10th Cir.1999) ("Under § 1446(b), the removal period does not begin until the defendant is able to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts.") (internal quotations omitted).

"'Other paper' is a broad term, and includes any relevant information received by Defendants." *Chavez v. Kincaid*, 15 F. Supp. 2d 1118, 1123 (D.N.M. 1998). "The federal courts have given the reference to 'other paper' an expansive construction and have included a wide array of documents within its scope." Charles Alan Wright and Arthur R. Miller, Procedure for Removal--Time for Seeking Removal, 14C Fed. Prac. & Proc. Juris. § 3731 (Rev. 4th ed.). The Tenth Circuit has "consistently interpreted the term *other paper* broadly to include state-court filings and discovery." *Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1268 (10th Cir. 2016) (emphasis in original); *see Archer v. Kelly*, 271 F. Supp. 2d 1320, 1324 (N.D. Okla. 2003) (holding that a written settlement demand constituted "other paper" providing notice of amount in controversy); *Murchison v. Progressive N. Ins. Co.*, 564 F. Supp. 2d 1311, 1314 (E.D. Okla. 2008) (finding that the

plaintiff's response to request for admissions was an "other paper"); *Chavez*, 15 F. Supp. 2d at 1123 (finding plaintiff's attorney's letter to defense attorney constituted an "other paper" within the meaning of § 1446(b)). Likewise, 28 U.S.C. § 1446(b)(c)(3) provides that "information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)."

Brent contends Garvin's Motion to Compel provided its first "factual basis to assess the true amount in controversy pled" in the Complaint. Notice of Removal at 3; Response at 2. Brent states that it was in the Motion to Compel that Garvin revealed for the first time that the settlement from the Texas action, rather than from a case filed in District Court of Garvin County, Oklahoma, was at the center of the claim for breach of contract. *Id*. at 2. Based on discovering that Garvin's case is predicated on the Texas action, Brent calculates that the amount in controversy exceeds $75,000.00 because the contractual 8% fee of the settlement amount in the Texas action exceeds $75,000.00.[4]

However, the Court finds that, under Brent's reasoning, the first clear notice that the settlement from the Texas action, rather than from a case filed in District Court of Garvin County, Oklahoma, was at the center of the claim for breach of contract was in Garvin's First Discovery Requests. Notice of Removal, Garvin's First Discovery Requests, attached

---

[4] Brent maintains that the settlement amount in the Texas action is confidential but attaches the affidavit of Richard L. Tate who attests that "8% of the gross amount of the settlement funds paid" in the Texas action exceeds $75,000.00. Response at 3, n. 3; Affidavit of Richard L. Tate [Doc. No. 31-1] at 1.

as Exhibit C to Motion to Compel [Doc. No. 1-6], at 3, 4. *See Anderson v. State Farm Ins. Companies*, CIV-07-0698-HE, 2007 WL 2402153, at *2 (W.D. Okla. Aug. 17, 2007) (holding that the plaintiff's discovery requests were sufficient to demonstrate a factual basis to meet the jurisdictional amount in controversy). In those documents, Garvin identifies the Texas action in the definition of "Litigation" and refers to "Litigation" throughout its interrogatories, requests for production, and requests for admission. Garvin's First Discovery Requests at 3, 4, and 5. Garvin refers to no other lawsuit in its discovery requests. Brent acknowledges the discovery requests define "Litigation" as the Texas action. Notice of Removal at 3.

The Texas action is referred to in Garvin's Motion to Compel only as the defined term from the discovery requests -- "Litigation." Motion to Compel at 4, 5. Garvin's Motion to Compel restates the breach of contract claim and asserts that Brent's discovery objections related to the defined "Litigation" were improper. Motion to Compel at 1, 2. Nevertheless, Brent recognized that the Motion to Compel sought responses to discovery requests related specifically to the Texas action. Response at 2. Therefore, Brent was on notice that the Texas action was the subject of Garvin's Complaint from the date of service of Garvin's discovery requests.

The submission of discovery requests was a voluntary act on the part of Plaintiff which provided the information necessary for Brent to construe its calculation of the amount in controversy. *See Hernandez*, 73 F.Supp.3d at 1340 (quoting *Huffman*, 194 F.3d at 1078). The certificate of service on Garvin's First Discovery Requests states they were mailed on August 17, 2018. Pursuant to Okla. Stat. tit. 12 § 2005(B), "service by mail is

complete upon mailing." Therefore, the deadline to file a notice of removal based on identification of the Texas action was September 17, 2018. Brent filed its Notice of Removal on October 26, 2018. Therefore, Brent's Notice of Removal is untimely.

## II. Attorney Fees and Costs

"[A]n award of fees under § 1447(c) is left to the district court's discretion." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139, 126 S. Ct. 704, 710, 163 L. Ed. 2d 547 (2005). However, "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin*, 546 U.S. at 141.

Here, Brent's reliance on the timing of the Motion to Compel as the trigger for removal was mistaken, but the Court cannot conclude that Brent lacked an objectively reasonable basis for proceeding in that way, and thus declines to award attorney fees. On this point the Motion is denied.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand [Doc. No. 9] is **GRANTED** in part and **DENIED** in part, and this case is **REMANDED** to the District Court of Garvin County, Oklahoma.

**IT IS SO ORDERED** this 16th day of May 2019.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE